## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**SABINE  FRANCIS,**                                           Case No.:

      Plaintiffs,

vs.

**BAPTIST HEALTH SOUTH FLORIDA, INC.**

**A Florida Corporation,**

      Defendant.

_____/

## <u>VERIFIED COMPLAINT</u>

Plaintiff, **SABINE FRANCIS** (hereinafter referred to as "Plaintiff ')

sues defendant , **BAPTIST HEALTH SOUTH FLORIDA,  INC.**

**A Florida Corporation.,** a Florida corporation (hereinafter referred to as "Defendant"),

and alleges as follows:

### <u>Introduction</u>

1.      This is a racial and national origin discrimination action  by  Plaintiff

a African-American/Haitian , whom, **One,** Plaintiff worked for Defendant

and during her employment she was subjected to disparate treatment due to her

race and national origin until her constructive termination, which was a result of the

toxic environment. **Two,** Plaintiff worked for Defendant

and during her employment she was subjected to hostile work environment  and

treatment due to her race and national origin until her constructive termination , which

was a result of the toxic  environment.

2.      Plaintiff sue pursuant to the Florida Civil Rights Act, Chapter

760, Fla. Stat. (" FRCA"), and section 725.07, Florida Statutes, the Plaintiff also sues

under 42 U.S.C. 1981 for violations of the Plaintiffs equal rights, and under Title VII of

the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section

2000e *et seq.* ("Title VII" ). Plaintiff seeks

damages and her costs, including punitive damages and reasonable attorney's fees and

litigation expenses.

## Jurisdiction and Venue

3.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451,

1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq.* and 42

U.S.C. Sections 1981 and 1981a. This Court has supplemental jurisdiction over Plaintiff

state law claims pursuant to 28 U.S.C. Section 1367.

4.      Venue is proper in Southern District of Florida because Defendant

conducts its business in Broward County, Florida, and because the cause of action arose

there.

5.      Venue is proper under is 42 USC 1981 in state court based upon

concurrent jurisdiction of statute.

## The Parties

6.      Plaintiff, is a black female, born in Haiti, who, at all times and

material, was employed by Defendant.

7.      Defendant is, and at all times material a Florida corporation doing

business in Broward County, Florida. At all times material, Defendant employed 15 or

more persons and is  and was an "employer" defined statutes that suit is brought under in

this matter.

## **Conditions Precedent**

8.   Plaintiff has exhausted her administrative remedies .
Plaintiff filed a charge of discrimination . Thereafter, by letter
the EEOC issued Plaintiff a notice of right to sue.
Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice
of Right to Sue. All conditions precedent to institution of this action by Plaintiff has
been fulfilled.

9.     All other conditions precedent to this action have been satisfied and/or
waived.

## **General Allegations**

10.    .     Plaintiff was employed as a registered nurse for the Defendant
from September 26, 2018 until her constructive termination on 1-14,  2020.

11.    In January 2019, Lisa Kloc denied pre-approved schedule request to not
work Fridays due to religious reasons which HR and unit manager Cherry  Berlowitz
agreed upon prior to Plaintiffs interview for the position. When  proof of this agreement
was provided, the manager agreed to honor the request, Plaintiff was responsible to find
another nurse to work the Friday that Plaintiff have been scheduled to work.

12.    From February 2019 all managers stopped being cordial, not responding
when Plaintiff greeted them upon arriving to work, and were condescending and rude
when asked clinical or procedural questions to assist with Plaintiffs job  duties.

13.    In March 2019, I requested a mediated meeting from HR between Lisa

Kloc and Plaintiff because Lisa was condescending, belittling, toward Plaintiff using racial slurs regarding Plaintiffs national origin.

14.     The patient care supervisor, Angela Stewart, micromanages and challenges Plaintff s nursing assessment accusing her of lying charting in front of patients. The treatment is not the same for Plaintff s comparators who are not Haitian.

15.     Plaintiff was forced into falsifying documents when describing patient's skin condition upon admission saying that a blanchable redness is a stage one pressure sore, and that pigmentation changes in black patients were DTI's to cover the fact that patients are developing worsening skin condition during their hospital stay from lack of incontinence care and being repositioned frequently.

16.     Patient care supervisors withheld help and teaching about clinical procedures, policies and obtaining supplies upon request to Plaintiff due to her national origin and race, unlike assisting other comparators ..

17.     .     When Plaintiff made a complaint about non-Haitian ancillary staff sleeping on the job and not doing their job, they are dismissed by the patient care supervisor saying "they are untouchable" or that the individual is a "golden goose".

18.     .     When ancillary staff fail to do their job, Plaintiff is forced to do the work which extends documentation time past the time, and create hours complained by superv1s10n.

19.     For every time Plaintiff clocks out past 07:36, Plaintiff is reprimanded for accruing incremental overtime and poor time management.

20.     In order to not accrue incremental overtime, Plaintiff has to stop taking

meal breaks. Despite not taking a break, managers required Plaintiff to sign off in a break book saying that Plaintiff handed off my phone to another nurse who will supervise patients for an uninterrupted meal break .

21.    Clinical managers Angela Stewart, and Cherino Thomas deny that Plaintiff reported any verbal complaints, saying "I didn't know this was going on". When Plaintiff made additional complaints, Plaintiff was scolded, and told that Plaintiff was the problem for not knowing how to delegate to ancillary staff.

22.    Plaintiff as retaliatory action by the Defendant was assigned the patients of highest acuity requiring two or more assistance with no ancillary help available for the second assistance, and patients requiring constant supervision due to decreased mental capacity who are at high risk for falls.

23.    On December 29, 2019 after having finished her shift, the Plaintiff night patient care supervisor overheard Plaintiff use the term "abuse" to describe how she was being treated. She reported Plaintiff to the Nurse manager, Cherino Thomas, who then called Plaintiff into her office saying "abuse" is a strong word that she does not like us to use on the floor.

24.    Since other Haitian and Latino nurses communicated to Plaintiff that they were experiencing similar treatment, Plaintiff instructed them write email their complaints and request a meeting so all leaders could no longer say they were not aware of what was going on.

25.    Plaintiff was subjected to a hostile work environment from management while employed by Defendant.

26.    Plaintiff was subjected to a hostile work environment due her national origin of being Haitian, and comments were made by management regarding her national origin. These comments created a hostile work environment, which Plaintiff suffered emotional distress as a result of these comments, and used in such a way to create an atmosphere of a hostile work environment that affected Plaintiffs employment status, and interfering with her performance at work.

27.    As a result of the complaints made to management and human resource department management , the Plaintiff was then systematically retaliated against through a series of continued hostile work environment comments regarding Plaintiffs national origin and race.

28.    Defendant, through the actions more specifically alleged above, affected Plaintiff, in a "term, condition or privilege" of her emplo yment.

29.    The disparate treatment as described above paragraphs the Plaintiff was treated differently than the other non-haitian employees.

30.    The Plaintiff is responsible for attorney fees and  costs.

## Count I
## Violation of the FCRA
## [DISPARATE TREATMENT]

31.     Plaintiff realleges and adopts the allegations of paragraph

1 through 30.

32.     The acts of Defendant and its agents, as more particularly alleged above,

violated Plaintiff rights against national origin and race under the Florida

Civil Rights Act.

33.     The national origin discrimination and adverse employment actions to

which Plaintiff was subjected to were based upon her being Haitian and African-

American.

34.     The conduct of Defendant and its agents, proximately, directly, and

foreseeably injured Plaintiff, including but not limited to creating a hostile work

environment as described above ; future pecuniary losses;

past and future emotional pain, suffering, inconvenience , mental

anguish, loss of enjoyment of life, and other non-pecuniary losses.

35.     The conduct of Defendant and its agents was so willful and wanton, and in

such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an

award of exemplary damages to punish Defendant, and to deter it, and others from such

conduct in the future.

36.     Plaintiff is entitled to recover reasonable attorney's fees and

litigation expenses pursuant to section 760.11(05), Florida Statutes.

WHEREFORE , Plaintiff prays that this Court will:

*One,* enjoin Defendant , and its agents, from continuing to violate Plaintiffs rights under the FCRA;

*TWO,* enjoin Defendant to make Plaintiff whole through, <u>inter alia,</u> back pay and front pay;

*THREE* grant Plaintiff judgment for damages , including punitive damages, against Defendant;

*FOUR,* award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant; and

*FIVE* provide Plaintiff any other relief that is appropriate.

<u>**Count IINiolation of the Section 725.07, Fla. Stat**</u>.

37.   Plaintiff realleges and adopts the allegations  of paragraph 1 through 30.

38.   The acts of Defendant and its agents, as more particularly alleged above, Violated . Plaintiff rights against racial and national origin discrimination under section 725.07, Florida Statutes, with respect to the services he performed for Defendant.

39.    The racial and national origin discrimination to which Plaintiff was subjected to was based upon his being Haitian and African-American.

40.   The conduct of Defendant and its agents, proximately , directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above resulting in her termination and lost wages and

benefits; future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

41.   The conduct of Defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above future pecuniary losses;

past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42.  Plaintiff is entitled to recover reasonable attorney ' s fees and litigation expenses pursuant to section 725.07(2), Florida Statutes.

WHEREFORE, Plaintiff prays that this Court will:

WHEREFORE, Plaintiff prays that this Court will:

*One,* enjoin Defendant , and its agents, from continuing to violate Plaintiff's rights under the FCRA;

*TWO,* enjoin Defendant to make Plaintiff whole through, inter alia, back pay and front pay;

*THREE,* grant Plaintiff judgment for damages, including punitive damages , against Defendant;

*FOUR,* award Plaintiff his reasonable attorney's fees and Litigation expenses against Defendant; and

*FIVE* provide Plaintiff any other relief that is appropriate.

*Six,* provide Plaintiff any other relief that is appropriate.

**Count IIIViolation of the Section 42 U.S.C. 1981**

43.     Plaintiff realleges and adopts the allegations of paragraph 1 through 30.

44.     Plaintiff is a member of a protected class because of her race being a black person of color.

45.     Defendant was in violation of 42 U.S.C. Section 1981 by disparate treatment and hostile work environment of Plaintiff based upon her race as black person of color.

46.     The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee because of her race.

47.     The unlawful employment practices complained of were intentional.

48.     The unlawful employment practices against the Plaintiff was done with malice or reckless indifference to the Plaintiffs federally protected rights.

49.     As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, reinstatement and/or front

pay, punitive damages, attorney's fees and costs, together with such other relief as this

Court deems just and proper. .

**COUNTIV**
**DEFENDANT HAS VIOLATED TITLE VII**
**(Disparate Treatment)**

50.     Plaintiff adopts and realleges paragraphs **1-30** above as if incorporated

herein.

51.     Plaintiff is a member of a protected class because of her

National Origin and Race.

52.     The Defendant is an employer that employs over 100 people, and is

subject to 42 U.S.C. Section 2000e et seq.

53.     That the Plaintiff throughout her tenure with Defendant suffered disparate

treatment in the terms and conditions of her employment as described in Paragraphs

1-30 above.

54.     The Plaintiff was not provided the same terms, conditions and

privileges as her comparators.

55.     The Defendant has intentionally discriminated against Plaintiff because

of her national Origin and race in violation of Title VII, 42 U.S.C. Section 2000e et seq.

by disparate treatment of Plaintiff based upon her national origin and race.

56.     The unlawful employment practices complained of were intentional.

57.     The unlawful employment practices against the Plaintiff were done with

malice or reckless indifference to the Plaintiffs federally protected rights.

58.     As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

**COUNT V**
**DEFENDANT HAS VIOLATED TITLE VII**
**(Hostile Environment)**

59.     Plaintiff adopts and realleges paragraphs **1-30** above as if incorporated herein.

60.     Plaintiff is a member of a protected class because of her National Origin and Race.

61.     The Defendant is an employer that employs over 100 people, and is subject to 42 U.S.C. Section 2000e et seq.

62.     That the Plaintiff throughout her tenure with Defendant suffered hostile work environment in the terms and conditions of her employment as described in Paragraphs 1-29 above.

63.     The Plaintiff was not provided the same terms, conditions and privileges as her comparators.

64.    The Defendant has intentionally discriminated against Plaintiff because of her National Origin in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff based upon her national origin and race.

65.    The unlawful employment practices complained of were intentional.

66.    The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

67.    As a direct and proximate result of Defendant' s unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

**VERIFICATION CLAUSE**

I hereby under perjury sign that the above is TRUE AND CORRECT

_Sabine Francis_   Sabine Francis

X SIGNED AND PRINTED

DATED   _i.fl 20M;_

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), and FCRA, the Plaintiff hereby demands

a trial by jury on all issues triable of rights by a jury.

Respectfully submitted,

DISCRIMINA TION LAW
CENTER, P.A.

433 PLAZA REAL, Suite 275
Boca Raton, Florida 33432
(561) 271-1769 tel.

By:   /s/ Jay F. Romano
      Jay F. Romano
      Trial Attorney
      Florida Bar No.: 0934097

\